(No. 83-CC-0026- )

DEAN and KAREN BUNDY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 4, 1986.*

EMMANUEL GUYON, for Claimants.

NEIL F. HARTIGAN, Attorney General (LYNN SCHOCK, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

The nature of this case is that of a property claim for damages incurred by occupants of a single-family residence home which is located adjacent to a newly-constructed highway and land overpass. The claim of damage includes decrease in value of the home, loss of use of the home, psychological fear by having to live in the home under the new conditions, structural damage to the home, water damage, increased noise, and other incidental damages to the premises.

During 1980 and 1981, in the course of improving Illinois Route 23 in Streator, Illinois, the State of Illinois widened that highway so it is now eight feet and one inch closer to the Claimants' property than it was prior to the improvement. The Claimants contend that the widening of the highway damaged their property in the amount of $52,000.00.

The Claimants live in a single family residence located at 1815 South Bloomington Street, Streator, Livingston County, Illinois. They have lived there for 15 years and the home in question was previously owned

by Dean Bundy's parents for many years before being purchased by Claimants.

State Highway F.A. 24, runs in a north and south direction on the west side of Claimants' property. The highway is located 15.2 feet from the side of the house and the home is 6.75 feet from the State right-of-way line. The home was within 22 feet of Illinois Route 23 before the State improved the road.

As part of this improvement, the State, using its existing right-of-way, widened Illinois Route 23 so it now passes eight feet and one inch closer to the Bundy home than it did prior to the construction.

It is Claimants' contention that as a result of this improvement of the highway, several problems have occurred which have caused the damages complained of.

First, the speed of the trucks using the highway due to the improvements is much higher than it was before the improvements and the vibration is therefore much greater. The Claimants allege that the basement foundation, as a result of this heavy vibration, has been cracked and there is now seepage of water that did not exist prior to the improvements with the result being there is now water in the basement.

Claimants contend that the evidence is uncontradicted, that water now accumulates in the back yard to the extent there may be a pond up to 50 feet in width, and that the new highway is banked which causes water to flow onto their property much faster than it had before. Claimants also allege that their property is so close to the highway that when snow on the pavement is melting, the splash from the traffic throws water and slush against the house and that, together with the

chemicals used to melt the snow, results in a discoloration that never existed before.

The highway is now approximately eight feet closer to Claimants' house than it was before the improvements were made and the uncontradicted evidence is that there is much more vibration in the house now.

Claimants contend that since their house is now closer to the highway traffic, with the size of the trucks that go by their house and the speed of travel, an accident could very well propel them into the home of Claimants. Claimants state because of this, they do not use part of the house, particularly the living room, which is close to the highway, for fear of injury to an occupant of the room if a truck left the highway.

In order for a Claimant to recover in a case against the State, he must prove that the State was negligent, that such negligence caused the damages complained of, and that Claimant was free from contributory negligence.

The evidence relative to the leakage of the basement wall of Claimants' house, the vibration, and the water in the back yard was not rebutted or contradicted. The Court readily understands the fear that might exist in the minds of property owners if their living room was placed within 15 feet of a main highway.

It is the Court's opinion that Respondent is responsible for the damages caused and that a reasonable amount of compensation for said damages is $10,000.00.

An award is hereby entered in favor of Claimant in the amount of ten thousand ($10,000.00) dollars.